**United States Bankruptcy Court
For the District of Maryland
Greenbelt Division**

FILED

NOV 19 2013

IN THE MATTER OF:

NAME: Vincent H. Davis, Pro Se          Chapter 7 No. 13-15905

**Debtors.**

---

### Emergency
### Petitioner's Ex Parte Verified Motion To Reopen Case
### To Determine Validity, Priority And Extent Of Lien

**COME NOW, Petitioner, Vincent H. Davis, Pro Se hereinafter referred to as "Petitioner, pursuant to 11 USC 350(b) and Rule 9024 of Federal Rule of Bankruptcy Procedure, and move for the entry of an order reopening this case to pursue violations of the discharge injunction, and in support thereof state the follows:**

### Introduction

1.  This motion seeks opportunity to address PNC Bank, NA claim to be an alleged secured party. The Petitioner, Pro Se on information and belief asserts that PNC Bank, NA is moving to sell the property known as 12639 Millstream Drive, Bowie MD 20715 with instruments that may be defective and the Petitioner believes there is no evidence to the contrary. Furthermore this court on May 20, 2013 denied conditionally PNC Bank's, NA Motion For Relief From the Automatic Stay with the condition that someone from PNC appear in court to testify to the document filed into the record. Bankruptcy Judge Paul Mannus was presiding. Judge Mannus continue the motion hearing to June 24, 2013 at 3:00pm. On June 6, 2013 PNC Bank, NA by their attorney Brain McNair withdrew their Motion For Relief From The Automatic Stay. The Petitioner believes that in order to prevent unjust enrichment of PNC Bank, NA the chapter seven (7) case should be reopened to give the Petitioner an

Page **1** of **10**

opportunity file an Adversary Proceeding to determine the validity, priority and extent of presumed lien. The Petitioner will seek a declaratory judgment of no lien interest held by PNC Bank, NA.

2. The Petitioner has documents that will demonstrate that he has made numerous presentments to resolve this matter between the parties via debt validations and or commercial notices. To date these presentments have been dishonored and are in default. Equity cannot support a party in default and a party that does not have clean hands. Matthew 5:25

3. It appears that debt collectors PNC Bank, NA, their attorneys', Covahy, Boozer, Devan and Dore, and the attorney's counsel Huesman, Jones and Miles, LLC , and alleged Substitute Trustees, Thomas P. Dore, Mark Devan, Gerard F. Miles, Jr., Shannon Menapace, K. Haskins and Erin Gloth are Debt Collector as defined under 15 USC 1692(a)(6) and are pursuing an illegal debt collection pursuant to 11 USC 524(a) and an illegal enforcement of an alleged security interest in violation of 15 USC 1692(i) and 11 USC 524(j)(3) by commencing a non-judicial foreclosure on November 22, 2013, and the Petitioner does not believe that the is any evidence to the contrary

3. The Petitioner pro se in the chapter seven (7) filing listed the alleged lien property as secured without a full understanding of bankruptcy of the form, procedure. The Petitioner assert that substance of his action demonstrate that he believed that the debt was unsecured at filing. Petitioner was also misled by the alleged secured party failure to comply with UCC 9-210 and the Petitioner believes there is no evidence to the contrary. (**Yick Wo vs. Hopkins, "The state cannot diminish rights of the people."to determine the true and lawful rights for both the Defendants and the Plaintiffs. Due Process provides that the "rights of pro se litigants are to be construed liberally and held to less stringent standard than formal pleadings drafted by lawyers; if the court can reasonably read pleadings to state valid claim on which litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and**

**sentence construction, or litigants unfamiliarity with pleading requirements**"(Spencer v Doe; 1998; Green v Bransou 1997; Boag v McDougall; 1998; Haines v Kerner, 1972)"**Right to proceed pro se (Sui Juris) is fundamental statutory right that is afforded highest degree of protection**"(DEVINE V INDIAN RIVER COUNTY SCHOOL BD., 11TH CIR. 1997)

## Jurisdiction

4. Jurisdiction is conferred under commercial law.

5. Jurisdiction is conferred under Equity.

6. Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United Stated Code in that this proceeding arises in and is related to the above-captioned Chapter seven (7) case under Title 11 and concerns property of the Petitioner in that case.

7. This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 28 of the United States Code.

8. This Court has jurisdiction pursuant to the provisions of 11 USC 350(b)

9. This Court has supplemental jurisdiction to hear all state law claims pursuant to Section 1367 of Title 28 of the United States Code.

10. This Court also has jurisdiction to hear the Fair Debt Collection Practices Act violations pursuant to Section 1692 of Title 15 of the United States Code; thus, federal subject matter jurisdiction is properly founded upon Section 1331 of Title 28 of the United States Code.

11. This matter is primarily a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order.

12. Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

## The Party

13. VINCENT H. DAVIS (the Petitioner) is a citizen and domicile in Bowie, Prince Georges County, Maryland. The Petitioner was also a debtor under Chapter 7 of Title 11 of the United States Code.

## Facts

13. The Chapter 7 case of the Petitioner was commenced by the filing of a voluntary petition with the Clerk of this Court on April 4, 2013.

14. The 341(a) meeting of creditors was scheduled in Greenbelt Maryland on April 5, 2013.

15. Relief from Stay and Notice of Motion filed April 23, 2013 by Movant PNC Bank, National Association, As Alleged Successor By Merger To National City Mortgage Company, hereinafter Movant, through their attorney Matthew Peterson.

16. On April 23, 2013 Matthew Peterson did not file a notarized assignment of the Deed of Trust to the Movant pursuant to Md. Real Property Code Ann 5-106 and the Petitioner does not believe there is any evidence to the contrary.

17. On April 23, 2013 Matthew Peterson did not provide any evidence that National City Mortgage held the Petitioner Note and Deed of Trust at the time of the alleged merger with the Movant and the Petitioner does not believe there is any evidence to the contrary.

18. On April 23, 2013 Matthew Peterson filed a Note in to the docket of this court that contained and alteration of and endorsement of the note to National City Real Estate Services, LLC and there is no assignment of the Deed of Trust from National City Real Estate Services, LLC filed among the Land Records of Prince Georges County Maryland pursuant to Md. Real Property Code Ann. 5-106 and the Petitioner does not believe there is any evidence to the contrary. See Exhibit A

19. A hearing was held May 20, 2013 on the above referenced motion. Mr. Peterson did not appear. Attorney Brain S. McNair appeared and the Petitioner does not believe there is any evidence to the contrary.

20. In the hearing Bankruptcy Judge Paul Mannes told Mr. McNair **"I can't lift the stay base on what I have here. You are going to have to get someone from the bank to come in and speak on this"**, and the Petitioner does not believe there is any evidence to the contrary.

21. On May 20, 2013 Bankruptcy Judge Paul Mannes noticed a second hearing scheduled for June 24, 2013 at 3:00 PM.

22. Mailed Certified via USPS a Request Regarding A Statement Of Account pursuant to Md. Commercial Law Code Ann. 9-210 and UCC 9-210 to Richard J. Johnson, CFO, PNC Bank, NA that was received on June 10, 2013, the recipient did not comply and the statue was violated on June 24, 2013 and the Petitioner does not believe there is any evidence to the contrary. Exhibit B

23. Mailed Certified via USPS a Request Regarding A Statement Of Account pursuant to Md. Commercial Law Code Ann. 9-210 and UCC 9-210 to Mark Devan c/o Covahy, Boozer, Devan and Dore, Huesman, Jones and Miles, LLC, that was received on June 10, 2013 by April Roberts, the recipient did not comply the statue was violated on June 24, 2013 and the Petitioner does not believe there is any evidence to the contrary.

24. Attorney Brain McNair on June 7, 2013 filed Line Withdrawing Motion For Relief From Stay.

25. Received letter dated June 19, 2013 from Brian S. McNair retuning the money order for $25.00 and the Request Regarding A Statement of Account pursuant to Md. Commercial Law Code Ann. 9-210 and UCC 9-210 the respondent was Mark Devan, the letter instructed the Petitioner to address "Any request for documentation or questions about your loan need to be directed to the lender (refer to #17) and the Petitioner does not believe there is any evidence to the contrary. See Exhibit C

26. The Petitioner appeared June 24, 2013 at 3:00 PM, the Deputy Clerk informed the Petitioner that the hearing had been canceled and there was no notice given to the Petitioner, and the Petitioner does not believe there is any evidence to the contrary.

27. PNC Bank, National Association, As Alleged Successor By Merger to National City Mortgage Company in this matter did not file a Verified Proof of Claim and the Petitioner does not believe there is any evidence to the contrary.

28. Received a letter dated June 27, 2013 form William Berry of PNC Mortgage A Division of PNC Bank, NA acknowledging receiving an inquiring and asserted that it would take some time to gather the information needed to accurately respond to your inquiry.

29. Received a letter dated July 2, 2013 from William Berry of PNC Mortgage A Division of PNC Bank, NA acknowledging receiving the Petitioners Statement of Account request and he asserted as follows "Please contact our foreclosure attorney at Covahy, Boozer, Devan and Dore for a payoff quote and the Petitioner does not believe there is any evidence to the contrary. See Exhibit D

30. Order granting discharge of the Chapter 7 case was ordered on July 16, 2013.

31. The final Decree and close of bankruptcy case was docketed on August 6, 2013.

32.     Mailed Certified Return Receipt to alleged Substitute Trustees Mark Devan, Thomas Dore, Erin Gloth, and K. Haskin a Request Regarding A Statement of Account and a Notice Of Adequate Assurance Of Due Performance pursuant to Md. Commercial Law 9-210 and 2-609 and UCC 9-210 and 2-609 respectively, that was received on July 12, 2013, the recipient did not comply the statue was violated on July 26, 2013 and August 10, 2013 respectively and the Petitioner does not believe there is any evidence to the contrary. See Exhibit E

33.     Mailed Certified Return Receipt to alleged Substitute Trustees Gerald Miles and Shannon Menapace, a Request Regarding A Statement of Account and a Notice Of Adequate Assurance Of Due Performance pursuant to Md. Commercial Law 9-210 and 2-609 respectively, that was received on July 10, 2013 by Shnnon Menapace and on July 15, 2013 by Gerald Miles, the recipient Shannon Manapace did not comply the statue was violated on July 23, 2013 and August 8, 2013, and Gerald Miles did not comply with the statue violating the statue on July 23, 2013 and August 8, 2013 respectively and the Petitioner does not believe there is any evidence to the contrary. See Exhibit F

33.     Mailed USPS Freedom of Information Act request, Joel B. Gold Esq, Senior Counsel for PNC Bank, NA who asserted in his April 16, 2013 "the bank is not part of the federal government as is defined in the FOIA that is directed to respond to FOIA request, and the Petitioner does not believe there is any evidence to the contrary. See Exhibit G

34.     The Petitioner received a statement from the debt collector, Covahy, Boozer, Devan and Dore dated July 17, 2013 demanding a payment of $272,974.26 to stop foreclosure proceedings and the Petitioner does not believe there is any evidence to the contrary. See Exhibit H

35.     Debt collector Covahey, Boozer, Devan & Dore, PA of counsel to Huesman, Jones and Miles, LLC filed Line, 1. Order Granting Discharge of Debtor, Final Decree Closing Chapter 7 Bankruptcy Case No.:13-15905 on October 15, 2013 by Brian S. McNair into the docket of the Prince Georges County Circuit Court case number CAE-24371. See Exhibit I

36.     The Petitioner received a statement debt collector Covahy, Boozer, Devan and Dore date October 22, 2013 demanding payment of $280,225.43 total amount due and $84,538.57 to reinstate the alleged loan this statement was asserted to be a response to the Petitioner April 3, 2013 letter (FOIA request), enclosed was three alleged Promissory Note that did not contain any endorsements, the debt collector PNC Bank, NA was not named as lender, and one copy of an alleged Deed of Trust that did not name the debt collector PNC Bank, NA as lender, the statement asserted "It is our intent to continue with the foreclosure proceedings" and the Petitioner

does not believe there is any evidence to the contrary. Exhibit J

37.    The Petitioner received a second statement form debt collector Covahy, Boozer, Devan and Dore dated October 22, 2013 demanding payment of $280,225.43 total amount due and $84,538.57 to reinstate the alleged loan this statement asserted in Mr. Matthew Peterson's cover letter to be a response to the Petitioner October 15, 2013 letter entitled "Urgent Notice of Liability Opportunity to Correct", enclosed was three alleged Promissory Note that did not contain any endorsements, the debt collector PNC Bank, NA was not named as lender, and one copy of an alleged Deed of Trust that did not name the debt collector PNC Bank, NA as lender, the statement asserted "It is our intent to continue with the foreclosure proceedings" and the Petitioner does not believe there is any evidence to the contrary. See Exhibit K

38.    Received a letter dated August 2, 2012 form debt collector PNC Mortgage not verified in response to the Petitioners June 21, 2012, correspondence concerning a written request of disclosure enclose was a copy of an alleged Promissory Note that did not contain any endorsements nor did name the debt collector PNC Bank, NA as lender and an alleged Deed of Trust that did not name the debt collector PNC Bank, NA as lender, and the Petitioner does not believe there is any evidence to the contrary. See Exhibit L

39.    The Petitioner received a letter not verified dated March 13, 2012 in response to the Petitioners letter dated February 15, 2012 enclosed was a certified copy of an alleged Promissory Note that was not endorsed nor did it name the debt collector PNC Bank, NA as lender, and an alleged Deed of Trust that did not name the debt collector PNC Bank, NA as lender, and the Petitioner does not believe there is any evidence to the contrary. See Exhibit M

40.    The Petitioner has information in the form of a verified Securitization Compliance Analysis that asserts that the note and deed of trust was sold on to the secondary market, this occurred on August 29, 2003 which predates the alleged merger between National City Mortgage and PNC Bank, NA, the analysis asserts that PNC Bank, NA is The Master Servicer Securities Administrator, this has been the position of PNC bank on or about August 29, 2003 and the Petitioner does not believe there is anything to the contrary. See Exhibit N

## Conclusion

41. The Chapter 7 case was closed August 16, 2013.

42. This matter is primarily a core proceeding pursuant to 28 USC 157(b)(2)(k) and therefore the Bankruptcy Court has jurisdiction to enter a final order.

43. The bankruptcy court then has broad jurisdiction enter final judgment on all matters that "arose under," "arose in," or was "related to" a bankruptcy case, with all findings of fact subject only to "clearly erroneous" review by the appellate courts. FED R. BankR. P. 8013

44. If the Chapter 7 case is not reopen the Petitioner would suffer prejudice by unjustly enriching debt collector PNC Bank, NA by the court not determining the validity, extent or priority of the alleged lien of the Petitioner's property known as 12639 Mill Stream Dr., Bowie Maryland 20715 and the Petitioner does not believe there is any evidence to the contrary.

45. Reopening the Chapter 7 case will benefit the Petitioner by giving him an opportunity to file an adversary proceeding to get a declaratory judgment that PNC Bank, NA as a debt collector does not have a valid lien interest and the Petitioner property will remain in the petitioner estate, PNC Bank is acting as a debt collector pursuant to 15 USC 1692(a)(6) therefore can pursue an non-judicial enforcement of a lien interest in real property pursuant to 15 USC 1692(i) and the Petitioner does not believe there any evidence to the contrary.

46. It is clear that since the alleged secure party has not complied with a request under UCC 9-210 and the Petitioner does not believe there is any evidence to the contrary.  Under UCC 9-625(a) if it is established that a secured party is not proceeding in accordance with this article, a court may order or restrain collection, enforcement, or disposition of collateral on appropriate terms and conditions, on belief and information the Petitioner believes it is clear at the outset that relief may be forthcoming to the Petitioner by granting the motion to reopen the Chapter 7 case.

47. It is clear that since the alleged secure party has not complied with a request under UCC 9-210 and the Petitioner does not believe there is any evidence to the contrary.  Under UCC 9-625(g) [Limitation of security interest: noncompliance with Section 9-210] If a secured party fails to comply with a request regarding a list of collateral or a statement of account under Section 9-210, the secured party may claim a security interest only as shown in the list or statement included in the request as against a person that is reasonably misled by the failure, on belief and information the Petitioner believes it is clear at the outset that relief may be forthcoming to the Petitioner by granting the motion to reopen the Chapter 7 case.

48. Debt collector PNC Bank, NA and their agents have produce two different version of the promissory note neither of which name debt collector PNC Bank, NA as lender, version number one (1) displays no endorsement to debt collector PNC Bank, NA, the petitioner received this version on four (4) separate occasions dated October 22, 2013(two times), August 2, 2012 and March 13, 2012, this versions of the alleged note was received by the Petitioner from attorney Matthew Peterson dated October 22, 2013 who is the same attorney who file the second version of the note into the docket of this court when he filed the Movant's "Motion For Relief From Automatic Stay on April 23, 2013, the second version contains an altered endorsement to National City Real Estate Service, LLC (stamped void) and an endorsement to PNC Bank, NA., there is no record of an assignment to PNC Bank, NA by National City Mortgage or National City Real Estate Services, LLC pursuant to Md. Real Property Code Ann 5-106, and the Petitioner does not believe that there is any evidence to the contrary.

49. It appears that debt collectors PNC Bank, NA, their attorneys', Covahy, Boozer, Devan and Dore, and the attorney's counsel Huesman, Jones and Miles, LLC , alleged Substitute Trustees, Thomas P. Dore, Mark Devan, Gerard F. Miles, Jr., Shannon Menapace, K. Haskins and Erin Gloth are Debt Collector as defined under 15 USC 1692(a)(6) and are pursuing an illegal debt collection pursuant to 11 USC 524(a) and an illegal enforcement of an alleged security interest in violation of 15 USC 1692(i) and 11 USC 524(j)(3) by commencing a non-judicial foreclosure on November 22, 2013, and the Petitioner does not believe that the is any evidence to the contrary.

50. WHEREFORE, the Petitioner, Vincent H. Davis for the reasons stated above, request that this Court enter an Order reopening the Chapter 7 case to allow the Petitioner an opportunity to pursue an Adversary Proceeding to determine the validity, extent, or priority of the allege lien that encumbers the Petitioner property rights, and other relief the court deems equitable and just.

51. WHEREFORE, the Petitioner, Vincent H. Davis for the reasons stated above, request that this Court enter an Order reopening the Chapter 7 case and reinstitute the automatic stay.

Date this the 18th day of November, 2013.

_____
Vincent H. Davis, Sui Juris
PO Box 3306
Capitol Heights, MD 20791
301-437-6825
tmddoc2010@gmail.com


## VERIFICATION

My name is Vincent Davis, Petitioner herein. I have read and understood the attached foregoing motion, and each fact alleged thein is true and correct of my own personal knowledge.

_____
Vincent H. Davis, Affiant, Sui Juris