MOOT. See Docket Entry #64.

Date signed November 26, 2013



**United States Bankruptcy Court**
**For the District of Maryland**
**Greenbelt Division**

IN THE MATTER OF:

NAME: Vincent H. Davis, Pro Se          Chapter 7 No. 13-15905

Debtors.

_____

<u>**Emergency**</u>
<u>**Petitioner's Ex Parte Verified Motion To Reopen Case**</u>
<u>**To Redress Violations of 11 USC 524**</u>

       COME NOW, Petitioner, Vincent H. Davis, Pro Se hereinafter referred to as "Petitioner, pursuant to 11 USC 350(b) and Rule 9024 of Federal Rule of Bankruptcy Procedure, and move for the entry of an order reopening this case to pursue violations of the discharge injunction, and in support thereof state the follows:

<u>**Intrduction**</u>

    1.   Debt collector PNC Bank, NA and their attorneys', Covahy, Boozer, Devan and Dore, and the attorney's counsel Huesman, Jones and Miles, LLC , Substitute Trustees, Thomas P. Dore, Mark Devan, Gerard F. Miles, Jr., Shannon Menapace, K. Haskins and Erin Gloth hereinafter known as alleged Substitute Trustees are presuming to be secured parties with a lien interest in the Petitioner property know as 12639 Millstream Drive, Bowie MD 20715 , and the Petitioner does not believe there is any information to the contrary.

    2.   When PNC Bank, NA and their attorney's, Covahy, Boozer, Devan and Dore, and the attorney's counsel Huesman, Jones and Miles, LLC and alleged Substitute Trustees had an opportunity in a Judicial Proceeding to prove for the record the existence of a valid lien interest they elected to withdraw their motion from relief from automatic stay, and the Petitioner does not believe there is any information to the contrary.

3.      It appears that debt collectors PNC Bank, NA, their attorneys', Covahy, Boozer, Devan and Dore, and the attorney's counsel Huesman, Jones and Miles, LLC , and  alleged Substitute Trustees, Thomas P. Dore, Mark Devan, Gerard F. Miles, Jr., Shannon Menapace, K. Haskins and Erin Gloth are Debt Collector as defined under 15 USC 1692(a)(6) and are pursuing an illegal debt collection pursuant to 11 USC 524(a) and an illegal enforcement of an alleged security interest in violation of 15 USC 1692(i) and 11 USC 524(j)(2) by commencing a non-judicial foreclosure on November 22, 2013, and the Petitioner does not believe that there is any evidence to the contrary

4.      The Petitioner has made numerous attempts to address this matter outside of court by sending debt validation letters pursuant to Md. Commercial Law and UCC 9-210 and 2-609 respectively and the alleged secured parties have elected to ignore the Maryland State and Federal codes that govern their respective business models, and the Petitioner does not believe there is any evidence to the contrary.

5.      The Petitioner pro se in the chapter seven (7) filing listed the alleged lien property as secured without a full understanding of bankruptcy form and procedure. The Petitioner assert that substance of his actions demonstrate that he believed that the debt was unsecured at filing. Petitioner was also misled by the alleged secured party failure to comply with UCC 9-210 and the Petitioner believes there is no evidence to the contrary. (Yick Wo vs. Hopkins, "The state cannot diminish rights of the people."to determine the true and lawful rights for both the Defendants and the Plaintiffs. Due Process provides that the "rights of pro se litigants are to be construed liberally and held to less stringent standard than formal pleadings drafted by lawyers; if the court can reasonably read pleadings to state valid claim on which litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigants unfamiliarity with pleading requirements"(Spencer v Doe; 1998; Green v Bransou 1997; Boag v McDougall; 1998; Haines v Kerner, 1972)"Right to proceed pro se (Sui Juris) is fundamental statutory right that is afforded highest degree of protection"(DEVINE V INDIAN RIVER COUNTY SCHOOL BD., 11TH CIR. 1997).

## Jurisdiction

6.      Jurisdiction is conferred under commercial law.

7.      Jurisdiction is confered under Equity.

8.      Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United Stated Code in that this proceeding arises in and is related to the above-captioned Chapter seven (7) case under Title 11 and concerns property of the Petitioner in that case.

3.    It appears that debt collectors PNC Bank, NA, their attorneys', Covahy, Boozer, Devan and Dore, and the attorney's counsel Huesman, Jones and Miles, LLC , and  alleged Substitute Trustees, Thomas P. Dore, Mark Devan, Gerard F. Miles, Jr., Shannon Menapace, K. Haskins and Erin Gloth are Debt Collector as defined under 15 USC 1692(a)(6) and are pursuing an illegal debt collection pursuant to 11 USC 524(a) and an illegal enforcement of an alleged security interest in violation of 15 USC 1692(i) and 11 USC 524(j)(3) by commencing a non-judicial foreclosure on November 22, 2013, and the Petitioner does not believe that there is any evidence to the contrary

4.    The Petitioner has made numerous attempts to address this matter outside of court by sending debt validation letters pursuant to Md. Commercial Law and UCC 9-210 and 2-609 respectively and the alleged secured parties have elected to ignore the Maryland State and Federal codes that govern their respective business models, and the Petitioner does not believe there is any evidence to the contrary.

5.    The Petitioner pro se in the chapter seven (7) filing listed the alleged lien property as secured without a full understanding of bankruptcy form and procedure. The Petitioner assert that substance of his actions demonstrate that he believed that the debt was unsecured at filing. Petitioner was also misled by the alleged secured party failure to comply with UCC 9-210 and the Petitioner believes there is no evidence to the contrary. (Yick Wo vs. Hopkins, "The state cannot diminish rights of the people."to determine the true and lawful rights for both the Defendants and the Plaintiffs. Due Process provides that the "rights of pro se litigants are to be construed liberally and held to less stringent standard than formal pleadings drafted by lawyers; if the court can reasonably read pleadings to state valid claim on which litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigants unfamiliarity with pleading requirements"(Spencer v Doe; 1998; Green v Bransou 1997; Boag v McDougall; 1998; Haines v Kerner, 1972)"Right to proceed pro se (Sui Juris) is fundamental statutory right that is afforded highest degree of protection"(DEVINE V INDIAN RIVER COUNTY SCHOOL BD., 11TH CIR. 1997).

## Jurisdiction

6.    Jurisdiction is conferred under commercial law.

7.    Jurisdiction is conferred under Equity.

8.    Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United Stated Code in that this proceeding arises in and is related to the above-captioned Chapter seven (7) case under Title 11 and concerns property of the Petitioner in that case.

9.    This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 28 of the United States Code.

10.    This Court has jurisdiction pursuant to the provisions of 11 USC 350(b).

11.    This Court has supplemental jurisdiction to hear all state law claims pursuant to Section 1367 of Title 28 of the United States Code.

12.    This Court also has jurisdiction to hear the Fair Debt Collection Practices Act violations pursuant to Section 1692 of Title 15 of the United States Code; thus, federal subject matter jurisdiction is properly founded upon Section 1331 of Title 28 of the United States Code.

13.    This matter is primarily a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order.

14.    Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

## The Party

15.    VINCENT H. DAVIS (the Petitioner) is a citizen and domiciled in Bowie, Prince Georges County, Maryland. The Petitioner was also a debtor under Chapter 7 of Title 11 of the United States Code.

## Facts

16.    The Chapter 7 case of the Petitioner was commenced by the filing of a voluntary petition with the Clerk of this Court on April 4, 2013.

17.    The 341(a) meeting of creditors was scheduled to be held in Greenbelt Maryland on April 5, 2013.

18.    The Petitioner received a letter dated October 1, 2013 from debt collector Covahey, Boozer, Devan & Dore requesting entry to property for the purpose of appraisal, the Petitioner mailed a letter entitled "Urgent Notice of Liability Opportunity To Correct dated October 15, 2013", and the Petitioner does not believe there is any evidence to the contrary. See Exhibit A

19.    Debt collectors Covahey, Boozer, Devan & Dore, PA of counsel Huesman, Jones and Miles, LLC filed Line, 1. Order Granting Discharge of

October 15, 2013 by Brian S. McNair into the docket of the Prince Georges County Circuit Court case number CAE-24371. See Exhibit B

20.   The Petitioner received a statement from debt collector Covahy, Boozer, Devan and Dore dated July 17, 2013 demanding a payment of $272,974.26 to stop foreclosure proceedings and the Petitioner does not believe there is any evidence to the contrary.  See Exhibit C

21.   The Petitioner received a statement debt collector Covahy, Boozer, Devan and Dore date October 22, 2013 demanding payment  of $280,225.43, total amount due and $84,538.57 to reinstate the alleged loan this statement was asserted to be a response to the Petitioner April 3, 2013 letter (FOIA request), enclosed was three  alleged Promissory Note that did not contain any endorsements, the debt collector PNC Bank, NA was not named as lender, and one copy of an alleged Deed of Trust that did not name the debt collector PNC Bank, NA as lender, the statement asserted "It is our intent to continue with the foreclosure proceedings" and the Petitioner does not believe there is any evidence to the contrary.  See Exhibit D

22.   Mailed USPS Freedom of Information Act request, Joel B. Gold Esq, Senior Counsel for PNC Bank, NA asserted in his April 16, 2013 response "I am an in-house attorney with PNC Bank. Other than this letter, no response will be provided to your Freedom of Information Act Inquiry. The bank is not part of the federal government as is defined in the FOIA that is directed to respond to FOIA request.", and the Petitioner does not believe there is any evidence to the contrary.

23.   The Petitioner received a second statement form debt collector Covahy, Boozer, Devan and Dore dated October 22, 2013 demanding payment of $280,225.43 total amount due and $84,538.57 to reinstate the alleged loan this statement  asserted in Mr. Matthew Peterson's cover letter to be a response to the Petitioner October 15, 2013 letter entitled "Urgent Notice of Liability Opportunity to Correct", enclosed was three  alleged Promissory Note that did not contain any endorsements, the debt collector  PNC Bank, NA was not named  as lender, and one copy of an alleged Deed of Trust that did not name the debt collector PNC Bank, NA as lender, the statement asserted "It is our intent to continue with the foreclosure proceedings" and the Petitioner does not believe there is any evidence to the contrary.  See Exhibit E

24.   Received a notice of sale on **November 22, 2013 at 10:00 AM** in front of the entrance to the Duval Wing of the Prince George's County Courthouse Complex 14735 Main Street, Upper Marlboro, Maryland, unsigned form debt collector Covahy, Boozer, Devan and Dore, and the Petitioner does not believe there is any evidence to the contrary. See Exhibit F

25. Received a letter dated August 2, 2012 form debt collector PNC Mortgage not verified in response to the Petitioners June 21, 2012, correspondence concerning a written request of disclosure enclosed was a copy of an alleged Promissory Note that did not contain any endorsements, the debt collector PNC Bank, NA was not named as lender, and one copy of an alleged Deed of Trust that did not name the debt collector PNC Bank, NA as lender, and the Petitioner does not believe there is any evidence to the contrary. See Exhibit G

26. The Petitioner received from debt collector PNC Bank, NA a letter not verified dated March 13, 2012 in response to the Petitioners letter dated February 15, 2012 enclosed was copy of an alleged Promissory Note that did not contain any endorsements, the debt collector PNC Bank, NA was not named as lender, and one copy of an alleged Deed of Trust that did not name the debt collector PNC Bank, NA as lender, and the Petitioner does not believe there is any evidence to the contrary. See Exhibit H

27. On April 23, 2013 Matthew Peterson filed Motion To Lift The Automatic Stay for Movant debt collector PNC Bank, NA Mr. Peterson filed a Promissory Note that contained an alteration of an endorsement to National City Real Estate Services, LLC and there is no assignment of the Deed of Trust to National City Real Estate Services, LLC filed among the Land Records of Prince Georges County Maryland pursuant to Md. Real Property Code Ann 5-106, there was not an endorsement to debt collector PNC Bank, NA and there is no corresponding assignment of the Deed Trust to PNC Bank filed among the Land Records of Prince Georges County Maryland pursuant to Md. Real Property Code Ann 5-106, and the Petitioner does not believe there is any evidence to the contrary. See Exhibit I

28. On April 23, 2013 Matthew Peterson did not provide any evidence that National City Mortgage held the Petitioner Note and Deed of Trust at the time of the merger with debt collector PNC Bank, and the Petitioner does not believe there is any evidence to the contrary.

29. Petitioner on May 15, 2013 filed a motion to dismiss debt collector PNC Bank, NA motion for relief from stay and was entered on May 21, 2013, and the Petitioner does not believe there is any evidence to the contrary.

30. A hearing was held May 20, 2013 on the above referenced motions. Mr. Peterson did not appear. Attorney Brain S. McNair appeared and the Petitioner does not believe there is any evidence to the contrary.

31. In the hearing Bankruptcy Judge Paul Mannes told Mr. McNair **"I can't lift the stay base on what I have here**. You are going to have to get

Case 13-15905   Doc 65   Filed 11/26/13   Page 7 of 12
not believe there is any evidence to the contrary.

32. On May 20, 2013 Bankruptcy Judge Paul Mannes noticed a second hearing scheduled for June 24, 2013 at 3:00 PM, and the Petitioner does not believe there is any evidence to the contrary.

33. Petitioner maile Certified via USPS a Request Regarding A Statement Of Account pursuant to Md. Commercial Law Code Ann. 9-210 and UCC 2-609 to Richard J. Johnson, CFO, debt collector PNC Bank, NA that was received on June 10, 2013, the recipient did not comply and the statue was violated on June 24, 2013 and the Petitioner does not believe there is any evidence to the contrary. **Exhibit J**

34. Petitioner mailed Certified via USPS a Request Regarding A Statement Of Account pursuant to Md. Commercial Law Code Ann. 9-210 to debt collectors Mark Devan c/o Covahy, Boozer, Devan and Dore, Huesman, Jones and Miles, LLC, that was received on June 10, 2013 by April Roberts, the recipient did not comply the statue was violated on June 24, 2013 and the Petitioner does not believe there is any evidence to the contrary.

35. Debt collector and Attorney Brain McNair on June 7, 2013 filed Line Withdrawing Motion For Relief From Stay, and the Petitioner does not believe there is any evidence to the contrary.

36. Petitioner received letter dated June 19, 2013 from debt collector Brian S. McNair retuning the money order for $25.00 and a Request Regarding A Statement of Account pursuant to Md. Commercial Law Code Ann. 9-210 and UCC 9-210 the respondent was debt collector Mark Devan, the letter instructed the Petitioner to address "Any request for documentation or questions about your loan need to be directed to the lender", by statue debt collector Mark Davan had fourteen (14) days to respond and the Petitioner and violate the statue on does not believe there is any evidence to the contrary. See Exhibit K

37. Debt collector PNC Bank, National Association, As Alleged Successor By Merger to National City Mortgage Company in this matter did not file a Verified Proof of Claim and the Petitioner does not believe there is any evidence to the contrary.

38. Received a letter dated July 2, 2013 from William Berry of debt collector PNC Mortgage A Division of PNC Bank, NA acknowledging receiving the Petitioners Statement of Account request (refer to #34) and he asserted as follows "Please contact our foreclosure attorney at Covahy, Boozer, Devan and Dore for a payoff quote" and the Petitioner does not believe there is any

39.    Order granting discharge on the Chapter 7 case was ordered on July 16, 2013.

40.    The final Decree and close of bankruptcy case was docketed on August 6, 2013.

41.    Petitioner Mail Certified Return Receipt to alleged Substitute Trustees Mark Devan, Thomas Dore, Erin Gloth, and K. Haskin received a Request Regarding A Statement of Account and a Notice Of Adequate Assurance Of Due Performance pursuant to Md. Commercial Law 9-210 and 2-609  respectively, that was received on July 12, 2013, the recipient did not comply the statue was violated the statue on July 26, 2013 and August 10, 2013 respectively and the Petitioner does not believe there is any evidence to the contrary.  See Exhibit M

42.    Petitioner Mail Certified Return Receipt to debt collectors Substitute Trustees Gerald Miles and Shannon Menapace, received a Request Regarding A Statement of Account and a Notice Of Adequate Assurance Of Due Performance pursuant to Md. Commercial Law 9-210 and 2-609 respectively, that was received on July 10, 2013 by Shannon Menapace and received on July 15, 2013 by Gerald Miles, the recipient Shannon Manapace did not comply the statue was violated  on July 23, 2013 and August 8, 2013, and Gerald Miles did not comply with the statue violating the statue on July 23, 2013 and August 8, 2013  respectively and the Petitioner does not believe there is any evidence to the contrary.  See Exhibit N

43.    The Petitioner has information in the form of a verified Securitization Compliance Analysis that asserts that the note and deed of trust was sold on to the secondary market, this occurred on August 29, 2003 which predates the alleged merger between National City Mortgage and PNC Bank, NA, the analysis asserts that PNC Bank NA is  The Master Servicer Securities Administrator,  this has been the position of PNC bank on or about August 29, 2003 and the Petitioner does not believe there is anything to the contrary. See Exhibit O

**Conclusion**

44.    The Chapter 7 case was closed August 16, 2013.

45.    This matter is primarily a core proceeding pursuant to 28 USC 157(b)(2)(k) and therefore the Bankruptcy Court has jurisdiction to enter a final order.

46.    The bankruptcy court then has broad jurisdiction enter final judgment on all matters that "arose under," "arose in," or was "related to" a bankruptcy case, with all findings of fact subject only to "clearly erroneous" review by the appellate courts. FED R. BankR. P. 8013.

47.    If the Chapter 7 case is not reopen the Petitioner would suffer prejudice by unjustly enriching of PNC Bank, NA who is a Debt Collector pursuant 15 USC 1692(a)(6) and cannot pursue a non-judicial foreclosure pursuant to 15 USC 1692(i) and are in violation to 11 USC 524(a), and the Petitioner does not believe the is any evidence to the contrary.

48.    Reopening the Chapter 7 case will benefit the Petitioner by providing an opportunity to file adversary proceeding to get a declaratory judgment that PNC Bank, NA is a Debt Collector under 15 USC 1692(a)(6) and does not have a valid lien interest in the Petitioner property therefore the property  will remain in the petitioner estate, and the Petitioner does not believe there is any evidence to the contrary.

49.    It is clear that since the alleged secure party has not complied with a request under UCC 9-210 and the Petitioner does not believe there is any evidence to the contrary. Under UCC 9-625(a) if it is established that a secured party is not proceeding in accordance with this article, a court may order or restrain collection, enforcement, or disposition of collateral on appropriate terms and conditions, On belief and information the Petitioner believes it is clear at the outset that relief may be forthcoming to the Petitioner by granting the motion to reopen the Chapter 7 case.

50.    It is clear that since the alleged secure party has not complied with a request under UCC 9-210 and the Petitioner does not believe there is any evidence to the contrary.    Under UCC 9-625(g) [Limitation of security interest: noncompliance with Section 9-210] If a secured party fails to comply with a request regarding a list of collateral or a statement of account under Section 9-210, the secured party may claim a security interest only as shown in the list or statement included in the request as against a person that is reasonably misled by the failure. On belief and information the Petitioner believes it is clear at the outset that relief may be forthcoming to the Petitioner by granting the motion to reopen the Chapter 7 case.

51.    Debt Collectors PNC Bank, NA,  their attorneys', Covahy, Boozer, Devan and Dore, and the attorney's counsel Huesman, Jones and Miles, LLC , alleged Substitute Trustees, Thomas P. Dore, Mark Devan, Gerard F. Miles, Jr., Shannon Menapace, K. Haskins and Erin Gloth provide an insufficient response to the Freedom of Information Act Request by not sending any of the document requested, and the Petitioner does not believe there is any evidence to the contrary.

53.     The alleged secured party knew that the discharge injunction was invoked, by not responding to the Debt Validation Request ( UCC 9-210 and 2-609) are in violation of 15 USC 1692(g)(b), by pursuing a debt collection and attempting to enforce an alleged lien interest as a Debt Collector demonstrates a willful violation of 11 USC 524(a) and 11 USC 524(j)(3), and the Petitioner does not believe there is any evidence to the contrary.

54.     This is a court of equity and equity does not recognize a party in default, debt collector PNC Bank NA, and the alleged trustees of the Deed of Trust are in default by failing to comply with Md. Commercial Law and UCC 9-210 and 2-609 and their motion to lift stay, and the Petitioner does not believe there is any evidence to the contrary

55.     Debt Collector PNC Bank, NA  their attorney's, Covahy, Boozer, Devan and Dore, and the attorney's counsel Huesman, Jones and Miles, LLC, alleged Substitute Trustees, are presuming to be secured parties with a lien interest in the Petitioner property know as 12639 Millstream Drive, Bowie MD 20715 however their conduct demonstrates they are Debt Collectors enforcing a security interest that is not valid, by instituting a non-judicial foreclosure and sending payment demands and other proceeding are violating 15 USC 1692(i) and a willful violation of 11 USC 524(a), 11 USC 524(j)(3) and the Petitioner believes there is no evidence to the contrary.

56.     Debt collector PNC NC Bank, NA  their attorneys', Covahy, Boozer, Devan and Dore, and the attorney's counsel Huesman, Jones and Miles, LLC and alleged Substitute Trustees are presuming to be secured parties with a valid lien interest in the Petitioner property know as 12639 Millstream Drive, Bowie MD 20715 however their conduct demonstrates they are Debt Collectors enforcing a security interest with a defective lien instrument and are not creditors under 11 USC 524(j) and are in violation of 11 USC 524(a), and the Petitioner does not believe there is any evidence to the contrary

57.     Debt collector PNC Bank, NA their attorny's, Covahy, Boozer, Devan and Dore, and the attorney's counsel Huesman, Jones and Miles, LLC, alleged Substitute Trustees are presuming to be secured parties with a valid lien interest in the Petitioner property know as 12639 Millstream Drive, Bowie MD 20715 because they are not named on the Deed of Trust as the beneficial interest holder  and there is no assignment of the beneficial interest to  the Deed of Trust from National City Mortgage the lender on the Deed of Trust to debt collector PNC Bank, NA pursuant to Md. Real Property Code Ann 5-106, they are Debt Collectors enforcing a security interest with a defective lien instrument and are not creditor under 11 USC 524(j) and are in violation of 11 USC 524(a), and the Petitioner does not believe there is

58.    PNC Bank, NA and their agents have produce two different version of the promissory note neither of which name the debt collectorPNC Bank, NA as lender, version number one (1) displays no endorsement to debt collector PNC Bank, NA, the petitioner received this version on four (4) separate occasions dated October 22, 2013(two times), August 2, 2012 and March 13, 2012, this versions of the alleged note was received by the Petitioner from attorney Matthew Peterson dated October 22, 2013 who is the same attorney who filed the second version of the note into the docket of this court when he filed the Movant's "Motion For Relief From Automatic Stay on  April 23, 2013, the second version contains an altered endorsement to National City Real Estate Service, LLC (stamped void) and an endorsement to debt collector PNC Bank, NA., there is no record of an assignment to debt collector PNC Bank, NA by National City Mortgage or National City Real Estate Services, LLC pursuant to Md. Real Property Code Ann 5-106, and the Petitioner does not believe that there is any evidence to the contrary.

59.    It appears that debt collectors PNC Bank, NA, their attorneys', Covahy, Boozer, Devan and Dore, and the attorney's counsel Huesman, Jones and Miles, LLC , and  alleged Substitute Trustees, Thomas P. Dore, Mark Devan, Gerard F. Miles, Jr., Shannon Menapace, K. Haskins and Erin Gloth are Debt Collector as defined under 15 USC 1692(a)(6) and are pursuing an illegal debt collection pursuant to 11 USC 524(a) and an illegal enforcement of an alleged security interest in violation of 15 USC 1692(i) and 11 USC 524(j)(3) by commencing a non-judicial foreclosure on November 22, 2013, and the Petitioner does not believe that there is any evidence to the contrary

60.    WHEREFORE, the Petitioner, Vincent H. Davis for the reasons stated above, request that this Court enter an Order reopening the Chapter 7 case for injunctive relief to stay the non-judicial foreclosure sale and any other relief the court deed equitable and just.

61.    WHEREFORE, the Petitioner, Vincent H. Davis for the reasons stated above, request that this Court enter an Order reopening the Chapter 7 case for injunctive relief to pursue a motion for sanctions and contempt and any other relief the court deems equitable and just.

62.    WHEREFORE, the Petitioner, Vincent H. Davis for the reasons stated above, request that this Court enter an Order reopening the Chapter 7 case to give the Petitioner and opportunity to file an Adversary Proceeding under 15 USC 1692 and any other relief the court deems equitable and just.

63.    WHEREFORE, the Petitioner, Vincent H. Davis for the reasons stated above, request that this Court enter an Order reopening the Chapter 7 case and reinstitute the automatic stay .



Date this the 18th day of November, 2013.

Vincent H. Davis sui juris
PO Box 3306
Capitol Heights, MD 20791
301-437-6825
tmddoc2010@gmail.com

## VERIFICATION

My name is Vincent Davis, Petitioner herein. I have read and understood the attached foregoing motion, and each fact alleged their is true and correct of my own personal knowledge.

Vincent H. Davis, Affiant, Sui Juris

